UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYBUKE BORA,<br><br>                      Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER WARDEN and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                      Respondents. | Case No.: 25-cv-3392-JES-VET<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(2) DENYING MOTION TO STAY AS MOOT**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Aybuke Bora's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner concurrently filed a motion to stay removal. ECF No. 2. After due consideration and for the reasons below, the Court declines to issue an order to show cause and **DENIES** the petition without prejudice.

## I. BACKGROUND

Petitioner states in her petition that she is challenging the Immigration Judge's ("IJ") Order of Removal following a negative credible fear interview and subsequent denial of the review request. ECF No. 1 at 2. The facts below are compiled from the petition, as well as supporting documents included with Petitioner's motion to stay (ECF No. 2).

Petitioner is a citizen of Turkiye who arrived at the United States on or about October 21, 2025, around Tecate, California. ECF No. 2 at 4, 13. She was found to be inadmissible, detained, and placed into expedited removal pursuant to Immigration and Nationality Act ("INA") Section 235(b)(1). *Id.* She claimed asylum, and a Credible Fear interview was conducted on October 28, 2025. *Id.* at 22-54. After the interview, the asylum officer issued a negative credible fear determination. *Id.* at 7-8; 53-54. On November 10, 2025, an IJ reviewed the negative credible fear determination, and affirmed the determination. *Id.* at 2-3.

In the instant habeas petition, Petitioner brings three claims: (1) Violation of Due Process because she alleges the IJ did not let her attorney speak or present argument; (2) Misclassification of Persecution under the INA because she alleges that her persecution was wrongly labeled as "Domestic Violence" rather than religious-based persecution; and (3) Improper Credible Fear Evaluation because "despite giving consistent and credible testimony," her claim was dismissed and the asylum officer failed to apply the proper standard for credible fear. ECF No. 1 at 6. Petitioner seeks as relief to stay her removal and order her release "until [her] pending appeal and legal filings are reviewed" and to find that "her detention and prior decisions [are] in violation of constitutional right to due process" and to remand her case for a "new, fair review before an impartial immigration judge." *Id.* at 8.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in

that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In *Department of Homeland Security v. Thuraissigiam*, the Supreme Court addressed the scope of habeas relief that can be afforded by the courts to non-citizens who appear at the border without permission to enter, are placed into expedited removal proceedings, and make a claim of asylum. 591 U.S. 103 (2020). In that case, petitioner was a native of Sri Lanka who arrived in the United States and was apprehended by a Border Patrol agent 25 yards from the border. *Id.* at 114. He made a credible fear claim but the asylum officer, while finding that the petitioner was credible, found that the petitioner did not demonstrate a credible fear of persecution. *Id.* The petitioner then filed a federal habeas petition, alleging that the immigration officials deprived him of a "meaningful opportunity to establish his claims," "violated credible-fear procedures by failing to probe" certain facts, and "failed to apply the 'correct standard' to his claims." *Id.* The district court denied the petition, finding Congress expressly limited federal habeas review of expedited removal orders to those enumerated in 28 U.S.C. § 1252(e)(2) and it did not have jurisdiction over the petitioner's claims because they did not fall under those statutory provisions. *Thuraissigiam v. United States Dep't of Homeland Sec.*, 287 F. Supp. 3d 1077 (S.D. Cal. 2018). On appeal, the Ninth Circuit reversed the denial of the petition, holding that although 28 U.S.C. § 1252(e) did not authorize habeas review of the petitioner's claims, that § 1252(e)(2) violated the Suspension Clause. *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019). The Supreme Court then reversed that ruling, holding that § 1252(e)(2) did not violate the Suspension Clause or the Due Process Clause, and that § 1252(e)(2) did limit the grounds on which a petitioner could bring a habeas claim "regarding admission." 591 U.S. at 140. As applied to the petitioner in that case, the Court

reversed the judgment and remanded it with directions that the petition for habeas corpus be dismissed. *Id.* at 140-41.

Since that decision, lower courts interpreting it have set forth certain limitations on its application. Many courts have consistently held that the holding is limited to "circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*." *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *2 (S.D. Cal. Nov. 12, 2025) (emphasis in original); *Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (collecting cases). Many courts have also limited its application to those noncitizens that are arriving at the border for initial entry into the country, and distinguished those noncitizens that are found within the interior of the country. *Id.* Indeed, even the *Thuraissigiam* opinion itself recognized that "aliens who have established connections in this country have due process rights in deportation proceedings." 591 U.S. at 107; *see also Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1142 (D. Or. 2025) (recognizing this point of distinction in *Thuraissigiam*).

Here however, as limited to the facts of this case, the Court cannot meaningfully distinguish Petitioner from the *Thuraissigiam* petitioner. Petitioner was also an arriving noncitizen at the border and placed into expedited removal proceedings when she made her credible fear claim. Her credible fear claim was heard and adjudicated, and she was able to appeal the negative decision to an IJ. The claims that Petitioner makes here are akin to those made in *Thuraissigiam*, regarding broad claims that she was deprived an opportunity to meaningfully present her claims and that the immigration officials applied the wrong standard. In such a factual circumstance, under *Thuraissigiam*, Petitioner's only claims that she can raise in a federal habeas petition are those enumerated under § 1252(e)(2), none of which she makes: (1) whether she is an alien; (2) whether she was ordered removed under expedited removal; and (3) whether she can prove she is lawfully admitted for permanent residence, a refugee, or has been granted asylum. *See* 28 U.S.C. § 1252(e)(2).

Ultimately, the relief that Petitioner seeks is analogous to *Thuraissigiam*—a redetermination of her credible fear and asylum claim. Unlike in *Thuraissigiam*, however, Petitioner does explicitly request to be free from detention in her petition. In *Thuraissigiam*, the court highlighted that the petitioner there failed to make such a request, because such a request to be free from detention is what lies at the core of habeas claims. 591 U.S. at 118. But at least one court has found this difference immaterial. In *Raghav v. Wolf*, 522 F. Supp. 3d 534, 548 (D. Ariz. 2021), the petitioner made the same argument that he is seeking immediate release from custody in an effort to distinguish himself from the petitioner in *Thuraissigiam*. Despite this assertion, the court looked to the substance of the actual relief being sought and found that ultimately, the petitioner was not looking for "simple release" from detention but rather a vacatur of the removal order and "new, meaningful opportunity to apply for asylum and other relief from removal." *Id.* The Court finds the same here—Petitioner is seeking a stay of her removal order and release pending review of her legal appeal and ultimately, to remand her case for a "new, fair review before an impartial immigration judge." *Id.* at 8. In the petition, there is no other basis articulated for her request for release outside of her asylum claim that she seeks to overturn. This the Court cannot do under the guise of habeas relief under *Thuraissigiam*. Accordingly, the Court finds that Petitioner's writ must fail because it is not based on any provision allowed under § 1252(e)(2) and **DENIES** the writ of habeas without prejudice.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition without prejudice, and **DENIES** the motion to stay as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: December 10, 2025

Honorable James E. Simmons Jr.
United States District Judge